UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN PALMER,

    Plaintiff,

v.

    Case No. 14-14820
    HON. DENISE PAGE HOOD

BILL SCHUETTE and
SCOTT TETER,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S COMBINED MOTION FOR RECONSIDERATION AND MOTION TO AMEND COMPLAINT [#20]

## I.    INTRODUCTION

On December 19, 2014, Plaintiff Brian Palmer filed a three-count Complaint against Defendants Bill Schuette ("Schuette") and Scott Teter ("Teter"). On September 27, 2016, the Court entered an Order Granting Defendants' Motion to Dismiss. [Dkt. No. 18] On October 13, 2016, Plaintiff filed a Combined Motion for Reconsideration and Motion to Amend the Complaint ("Combined Motion") [Dkt. No. 20], to which Defendants filed a response and Plaintiff filed a reply. The Court, having concluded that the decision process would not be significantly aided by oral argument, previously ordered that the motion be resolved on the motion and briefs submitted by the parties. E.D. Mich. L.R. 7.1(f)(2). [Dkt. No. 22] For the reasons that

1

follow, the Court denies the Combined Motion.

## II. BACKGROUND

The relevant facts regarding this matter were set forth in the Court's September 27, 2016 Order and, rather than restate them here, the Court incorporates them by reference in this Order. The following facts are relevant to the Combined Motion.

Plaintiff is a former Michigan state representative who was charged in a misdemeanor complaint with, and entered a no-contest plea in the 54A District Court to, one count of willful neglect of duty under M.C.L. § 750.478. M.C.L. § 750.478 provides:

> When any duty is or shall be enjoined by law upon any public officer, or upon any person holding any public trust or employment, every willful neglect to perform such duty, where no special provision shall have been made for the punishment of such delinquency, constitutes a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $1,000.00.

Prior to and at the time Plaintiff entered his no-contest plea, he "was self-employed as a partner and the president of his own venture capital company."

Teter is an assistant attorney general in the office of the Michigan Attorney General who prosecuted Plaintiff. Schuette is the Attorney General for the State of Michigan, and he authorized the charge against Plaintiff.

On December 20, 2013, the same day that Plaintiff entered his no-contest plea and was sentenced, Schuette issued, and Teter contributed to, a press release on the

Michigan Attorney General website regarding Plaintiff's conviction. The press release was titled "Schuette Announces Conviction of Former Macomb State Representative for Role in Ponzi Scheme." The press release stated, in part, that Plaintiff "assisted two other men to operate a $9 million Ponzi scheme that defrauded more than 150 persons between 2006 and 2012" and "used his position as an elected official to assist" others in operating a fraudulent investment company. [Dkt. No. 1, ¶¶ 24-26]

Plaintiff's Complaint alleged that Defendants, acting in their individual capacities: (1) violated Plaintiff's due process rights under the Fifth and Fourteenth Amendments (Count I); (2) violated Plaintiff's Fourth Amendment right to be free from prosecution without probable cause (Count Two); and (3) defamed Plaintiff under the laws of the State of Michigan (Count Three). Plaintiff's Motion for Reconsideration challenges the Court's dismissal of Counts I and Count III but not the dismissal of Count II.

### III. APPLICABLE LAW & ANALYSIS

#### A. Reconsideration Standard

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the Court and the parties have been misled; and (2) demonstrate that "correcting the defect will

result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3). *Brown v. Walgreens Income Protective Plan for Store Managers*, No. 10-CV-14442, 2013 WL 1040530, at *1 (E.D. Mich. Mar. 15, 2013). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

**B.     Standard for Amending a Complaint**

In a case where a responsive pleading has been filed, a party may amend its pleading only with the written consent of the opposing party or by leave of the Court. FED. R. CIV. P. 15(a)(2). Defendant does not concur in Plaintiff's motion, so it is within the Court's discretion whether to grant Plaintiff's motion to amend his complaint. Pursuant to Rule 15(a)(2), "leave shall be freely given when justice so

4

requires." The factors a court is to consider when determining whether to permit a plaintiff to file an amended complaint are:

(1) the delay in filing the motion,
(2) the lack of notice to the other party,
(3) bad faith by the moving party,
(4) repeated failure to cure deficiencies by previous amendments,
(5) undue prejudice to the opposing party, and
(6) futility of the amendment.

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001); *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). A district court may deny a plaintiff leave to amend his complaint when the proposed amendment would be futile. *See, e.g., Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). An amendment is deemed futile when it would not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000).

In the Eastern District of Michigan, a party moving to amend its Complaint must satisfy certain requirements:

> **LR 15.1: Form of a Motion to Amend and Its Supporting Documentation**
>
> A party who moves to amend a pleading shall attach the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. Failure to comply with this

Rule is not grounds for denial of the motion.[1]

**C.     Qualified Immunity**

As the United States Supreme Court recently stated:

> The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right. We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate. Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.

*Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (citations and quotation marks omitted). Qualified immunity is a two-step process. *See, e.g., Saucier v. Katz*, 533 U.S. 194 (2001); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). First, the Court must determine whether, based upon the applicable law, the facts viewed in a light most favorable to the plaintiff show that a constitutional violation has occurred. *Causey v. Bay City*, 442 F.3d 524, 528 (6th Cir. 2006). Second, the Court must determine whether the violation involved a clearly established constitutional right of which a reasonable person would have known. *Id.*; *Sample v. Bailey*, 409 F.3d 689, 695-96

---

[1]Plaintiff failed to comply with Local Rule 15.1 when filing the Combined Motion. No proposed amended pleading is attached to the Combined Motion, Plaintiff's reply brief, or any separate filing. As "[f]ailure to comply with Local Rule 15.1 is not a grounds for denial of the" Combined Motion, the Court addresses the new assertions and allegations that Plaintiff sets forth in his Combined Motion and reply to Defendant's response brief.

(6th Cir. 2005). Once a government official has raised the defense of qualified immunity, the plaintiff "bears the ultimate burden of proof to show that the individual officers are not entitled to qualified immunity." *Cockrell v. City of Cincinnati*, 468 F. App'x 491, 494 (6th Cir. 2012) (citation omitted).

**D.     Analysis**

In his reply brief, Plaintiff argues that, although Defendants had a right to file a response to his Motion to Amend the Complaint, Defendants had no right to file a response to his Motion for Reconsideration. For a typical motion for reconsideration, the Local Rules for the Eastern District of Michigan prohibit a party from filing a response brief. E.D. Mich. L.R. 7.1(h)(2). The Court finds that Plaintiff has not filed a typical motion for reconsideration. As reflected in the title of his motion, Plaintiff filed a "Combined Motion for Reconsideration and Motion to Amend the Complaint." Plaintiff could have filed two separate motions to address the issues of reconsideration and amendment, but he chose not to do so. As he filed the Combined Motion (a single motion), the Court holds that Defendants had the right to file a response brief to the Combined Motion because Defendants had a right to file a response to the Motion to Amend the Complaint. The Court also notes that, had Defendants not filed a response brief that addressed the Motion for Reconsideration, the Court would have ordered Defendants to file a response brief, which the Court has the authority and discretion

7

to order pursuant to Local Rule 7.1(h)(2). The Court rejects Plaintiff's argument regarding the propriety of the response brief filed by Defendants.

In his Complaint, Plaintiff alleged that Defendants' press release contained false and defamatory statements that resulted in Plaintiff suffering "severe and substantial damages[,] . . . includ[ing] loss of earnings and loss of earnings capacity, lost business opportunities, litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish, and distress," all of which had to be taken as true for purposes of deciding Defendants' Motion to Dismiss. [Dkt. No. 1, ¶¶ 47, 57, 80] With respect the purported violation of Plaintiff's Fourteenth Amendment due process rights in Count I, the Court concluded that Plaintiff's Complaint did not allege that the defamatory comments affected his employment status at the time the press release was issued (his then-"current" employment status). [Dkt. No. 18, PgId 186-92] The Court held that Plaintiff failed to allege that he was deprived of any liberty or property interest protected by the Fourteenth Amendment due process clause. *Paul v. Davis*, 424 U.S. 693, 712 (1976). The Court also held that Plaintiff's allegations in Count I that Defendants violated his Fifth Amendment due process rights required dismissal because they were state, not federal, actors. [Dkt. No. 18, PgId 181-82]

Plaintiff argues that the Court did not understand and consider that Plaintiff was

"currently" employed at the time the press release was issued. Plaintiff asserts that he was self-employed as a partner and the president of his own venture capital company, and Plaintiff wishes to amend his Complaint to better plead those facts.

The Court will accept, without finding, that being self-employed constitutes employment for purposes of establishing a property or liberty interest for purposes of Fourteenth Amendment analysis. Even if that is true, Plaintiff has not alleged (nor does he propose to amend his complaint to allege) that his self-employment was terminated or that his salary was reduced as a result of the alleged defamatory press release. Plaintiff concedes that neither of those circumstances occurred in this case.

Plaintiff instead asserts that a self-employed person "sustains damages to his employment when he or she loses business." Plaintiff argues that self-employed persons lose business when their clients fire them, a situation Plaintiff claims occurred in this case. Plaintiff has attached to his motion a January 27, 2015 letter from Doron Private Equity, a company with "a very successful on-going business relationship with" Plaintiff, to his attorney. Plaintiff also attaches to the Combined Motion a list of clients or investors that he alleges withdrew, canceled or liquidated investments with him "beginning at the time of the press release, and continuing thereafter."

The Court is not persuaded that the allegations that Plaintiff purports to have set forth in his Complaint – or those allegations that he apparently intends to allege

9

in an amended complaint – create a palpable defect by which the Court and the parties were misled. First, Plaintiff has not cited any authority to support his position that he has a property or liberty interest under the Fifth or Fourteenth Amendment that is violated when one's self-employed status is damaged as the result of defamatory statements by a government actor.

Second, the injury for which Plaintiff is seeking a remedy – the impairment of his business relationships due to defamation – appears to the Court to be a claim that sounds in tort (such as tortious interference with a business relationship), not constitutional law. For these reasons, the Court concludes that Plaintiff has not – and cannot – allege a violation of a constitutional right pursuant to the Fifth or Fourteenth Amendment.

Third, even if the Court were to assume that Plaintiff has a constitutional right under the Fifth or Fourteenth Amendment protecting his self-employed status from impairment by defamatory statements of a government actor, there is no authority that clearly establishes that right. In the absence of a clearly established constitutional right of which a reasonable person would have known, Defendants are entitled to qualified immunity. *See, e.g., Mullenix*, 136 S. Ct. at 308; *Harlow*, 457 U.S. at 818; *Causey*, 442 F.3d at 528; *Bailey*, 409 F.3d at 695-96. The Court concludes that, even if Plaintiff's allegations in the Complaint (or Plaintiff's proposed allegations) are

presumed to be true, Defendants remain entitled to qualified immunity.

In Count I of the Complaint (titled "Constitutional Violation of Due Process Rights under the Fifth and Fourteenth Amendments of the United States"), Plaintiff alleged that Defendants' press release violated his Fifth Amendment due process rights. [Dkt. No. 1, PgID 5-7 at ¶¶ 40-51] Defendants argued in their Motion to Dismiss, and the Court held, that Defendants were state actors who could not be liable for deprivation of Plaintiff's due process rights under the Fifth Amendment. Plaintiff did not contest the Defendant's argument in his response to Defendant's Motion to Dismiss [Dkt. No. 9], nor did he contest the Court's ruling dismissing his Fifth Amendment claim when he filed the Combined Motion. In his reply brief regarding the Combined Motion, Plaintiff makes an argument regarding his Fifth Amendment claim, even though Defendants did not argue Plaintiff's Fifth Amendment claim. But, in doing so, Plaintiff does not discuss the alleged violation of his due process rights under the Fifth Amendment pled in the Complaint; rather, he asserts, for the first time, that the Defendants violated the Fifth Amendment takings clause.

The Court holds that: (1) Plaintiff waived any argument regarding the Fifth Amendment due to his failure to address the Fifth Amendment in his response to Defendant's Motion to Dismiss and in the Combined Motion; (2) Plaintiff's Fifth Amendment takings clause argument has no connection to the allegations in the

11

Complaint and cannot serve as a basis for demonstrating a palpable defect upon which the Court should reconsider its ruling; and (3) to the extent that Plaintiff is suggesting that he intends to amend his Complaint to allege a takings claim under the Fifth Amendment, that amendment would be futile because Defendants would still be entitled to qualified immunity. None of the authority set forth by Plaintiff reflects a clearly established constitutional right under the Fifth Amendment takings clause with respect to self-employment of which a reasonable person could have been aware.

### 3. Conclusion

For the reasons set forth above, the Court finds that Plaintiff has failed to demonstrate a palpable defect by which the Court and the parties were misled with respect to Count I. Plaintiff has failed to demonstrate the existence of any clearly established constitutional right that Defendants could have known they were violating when they issued the press release. The Court further finds that Plaintiff's proposal to amend his Complaint would be futile because none of the "amendments" proposed by Plaintiff sets forth a clearly established constitutional right that Defendants would have known.

As the Court has again concluded that Plaintiff does not have a viable federal law claim, the Court declines to exercise supplemental jurisdiction over Count III, for the reasons set forth in its September 27, 2016 Order.

The Court denies the Combined Motion.

## IV. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Plaintiff's Combined Motion for Reconsideration and Motion to Amend the Complaint [Dkt. No. 20] is **DENIED**.

IT IS SO ORDERED.

        S/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated: September 11, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 11, 2017, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager